### In re JOHNSON.
### Patent Appeal No. 3267.

Court of Customs and Patent Appeals.
April 2, 1934.

Otis A. Earl, of Kalamazoo, Mich., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 1, 2, and 3 of appellant's application for lack of invention over the prior art.

Claim 1 is illustrative of the claims here on appeal, and reads as follows: "1. A piston ring having relatively narrow spaced peripheral side flanges and integral relatively narrow end flanges extending between the side flanges and flush therewith, said end flanges constituting reinforcing means for the ends of the side flanges and closures for the space between the side flanges."

The references cited are: Norman, 1,-378,894, May 24, 1921; Teetor, 1,414,796, May 2, 1922.

The alleged invention is described in the decision of the Board of Appeals as follows: "The claims relate to alleged improvements in piston rings such as are designed for use in internal combustion engines. Appellant's ring is of annular form and is provided on its exterior surface with narrow flanges along each side and across each end. Midway between the flanges is a series of arcuate grooves designed to conduct oil through the ring. The side flanges are made narrow to reduce the contact surface of the ring to such a degree that it will quickly conform to the shape of the cylinder in which placed. Such oil as may pass the flange can find its way through the radial arcuate grooves to the interior of the ring and thence through openings in the piston to the crank case. Appellant's alleged improvement resides primarily in the end flanges which are designed as reinforcing means for the extreme ends of the side flanges and also serve to prevent leakage of oil by way of the joint."

The patent to Norman discloses a split piston ring provided in its periphery with a continuous groove terminating short of the meeting ends, so that marginal ribs are provided which are relatively narrow as compared with the width of the ring. At the meeting ends of the ring end flanges are provided which extend between the side ribs or flanges and close the space between the side flanges.

The patent to Teetor discloses a piston ring having an annular channel therein which produces narrow peripheral side flanges. Elongated narrow slots are formed in the piston ring and are disposed in the zone that contains the annular channel.

Claims 1 and 2 were rejected by both the Examiner and the Board of Appeals as defining nothing patentable over the Norman reference. Claim 3 was rejected on Norman in view of Teetor, or upon Teetor in view of Norman.

Claim 2 clearly reads upon the Norman

reference in every particular, and is therefore not patentable. The same is true of claim 1, unless the element reading "relatively narrow end flanges," not included in claim 2, distinguishes the claim from Norman. The Board of Appeals in its decision stated that "The end flanges of Norman's ring might be relatively narrow when compared with the size of the piston, for instance, but they might be considered relatively wide when compared with the side flanges."

Appellant's counsel complains of this language, and insists that the phrase "relatively narrow end flanges" refers to the ring itself and not to the piston. While we are inclined to agree with appellant's counsel upon this point, we are not clear as to the meaning of the phrase. The end flanges extend across the entire width of the ring, and we therefore assume that the phrase in the claim means that the end flanges are narrow when compared with the circumference of the ring. If this be the proper construction, we would observe that Norman's end flanges, as shown in his drawings, are narrow when compared with the circumference of the ring.

In any event, whatever may be the proper construction of said element of "relatively narrow end flanges," we are of the opinion that the claim is not patentable in view of Norman. The Solicitor for the Patent Office in his brief observes: "The Norman patent describes the groove as 'terminating short of the meeting ends' of the split ring. If it terminates 1/16 inch from the ends, the end flange is obviously narrow, and Norman in so making his device would be held to infringe appellant's patent if allowed. Should Norman be required on the disclosure he has given the public to make the distance 1/8 inch or 1/4 inch or even 1/2 inch to avoid infringing appellant's here sought patent? It is thought not."

We are in accord with the views above quoted, and hold that claim 1 is not patentable in view of the Norman reference.

Claim 3 reads directly upon the Norman reference except for the element reading, "said ring having a plurality of slots therethrough, the slots being relatively narrow as compared to the groove formed by the side flanges." This element is clearly shown by the patent to Tector, and we agree with the Board that it would not involve invention to provide a ring of the Norman type with the slots shown by Tector, or, conversely, to provide in a ring of the Tector type the end flanges shown by Norman.

We find no error in the decision of the Board of Appeals rejecting the three claims here before us, and it is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.